# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**FORREST COUNTY BRANCH, NATIONAL**
**ASSOCIATION FOR THE ADVANCEMENT**
**OF COLORED PEOPLE (NAACP)**                          **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 2:10-cv-25KS-MTP**

**JOHNSON CONTROLS, INC.**                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#3]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the authorities cited and being otherwise fully advised in the premises, finds that the motion to dismiss is well taken in part and should be granted. The court finds specifically as follows:

## FACTUAL BACKGROUND

The plaintiff has filed what is styled a "Third Party Complaint." The plaintiff is a New York corporation. *See* Complaint ¶ I stating plaintiff is 501(C)4 entity. The Third Party Complaint does not allege any injury to the plaintiff or any of its members. But merely states the plaintiff has a "belief" that "Blacks as a class and Black females are being discriminated against and in retaliation all in violation of Title VII . . . ." Complaint, ¶ V. The Complaint does not identify any injured person or any specific facts in support

of the claims of discrimination or retaliation.  Complaint, ¶ V.

In support of the allegations, the Complaint contains the following three sentences: "[W]hen Black employees report wrongful actions by White employees there are no corrective actions taken.  If a Black female report (sic) a White employee they are retaliated against by being in appropriately (sic) touched by the reported employee and/or management.  Black employees train White employee and the White employee with less time on the Job (sic) are promoted over the Black employees who trained them and some are made supervisors."  Complaint, ¶ V.  The Complaint seeks damages in the form of back wages, fringe benefits, lost wages due to failure to promote, future lost wages, compensatory damages, punitive damages, reinstatement, and attorney's fees and injunctive relief.

## STANDARD OF REVIEW

In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  See also,  *Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted). Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

## **ANALYSIS**

The general rule of standing is that an injured party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). This rule flows from a concern that third parties will not adequately represent the individuals whose rights they seek to vindicate. *See Singleton v. Wulff*, 428 U.S. 106, 114, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

"The question of standing 'involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'" *Bennett v. Spear*, 520 U.S. 154, 117 S. Ct. 1154, 137 L. Ed. 2d 281, 295 (1997)(quoting *Warth v. Seldin*, 422 U.S. at 498; citing *Barrows v. Jackson*, 346 U.S. 249, 73 S. Ct. 1031, 97 L. Ed 1586 (1953)). The *Bennett* court went on to discuss the case or controversy requirement of Article III which it described as "the irreducible constitutional minimum" of standing. In defining the irreducible constitutional minimum the Court stated that such requires

> (1) That the plaintiff have suffered an 'injury in fact'--an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complaint of--the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bennett v. Spear*, 137 L. Ed. 2d at 298 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

An association has standing to bring suit on behalf of its members when: a) its members would otherwise have standing to sue in their own right; b) the interests it seeks to protect are germane to the organization's purpose; and c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 344, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

Title VII provides protection to individuals and not organizational entities. *Cook v. Billington*, 541 F. Supp. 2d 358, 363 (D.D.C. 2008). Therefore, the defendant contends that the NAACP cannot proceed with this litigation based on any alleged injury to itself. It is true that the NAACP can proceed in a representational capacity, if it meets the requirements to do so. Well settled precedent provides that the NAACP can bring suit in a representational capacity if its members have standing in their own right. The defendant argues that the NAACP's failure to identify any person who is alleged to have suffered an injury is fatal and since there is no identification of an injured party, the action should be dismissed. The court agrees.

The plaintiff responds that in order to effectuate the purpose and spirit of the

Equal Employment Opportunity Act, 42 U.S.C. § 2000 e-5, organizations such as the plaintiff have been allowed to pursue causes of action on behalf of its members. Unfortunately, the plaintiff cites three cases which are not applicable to the facts of this case. *See Women Employed, an Illinois not for profit, Corporation v. Rinella and Rinella* 401 F.Supp 175 (N.D. Ill. 1975), *Janice Schoeppener, on Behalf of herself and on behalf of all persons similarly situated and International Brotherhood of Electrical Workers Local Unions 1133, 1636, and 1637, Unincorporated Association vs General Telephone Company of Pennsylvania* 417 F.Supp 453 (W.D. Pa. 1976), and *League of United Latin American Citizens v. City of Santa Ana,* 410 F.Supp 873 (C.D. Cal. 1976). In all of the cases cited, there was either specific individual injuries alleged or injuries of a sufficient type which were capable of being pursued in a representative capacity. However, the plaintiff here provides no analysis or explanation of the cases cited beyond merely citing to them. Without the benefit of argument or analysis as to how these cases apply to the facts of this case, merely citing them is meaningless.

The plaintiff also argues in its brief that it should be allowed to amend its complaint to clarify the alleged wrongs done to its members. However, the court has given the plaintiff numerous extensions of time to file its response to this motion and no motion to amend has yet been filed. Nor has the plaintiff indicated in any way how the requested amendment will resolve or address the issue raised in the motion to dismiss. While a formal motion is not necessarily required, a "bare request in an opposition to a motion to dismiss - without any indication of the particular grounds on which the amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a)." *United States v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 387 (5th Cir.

2003)(citing *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)). *See also McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002)(affirming there was no abuse of discretion in failing to grant leave to amend); *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991)(stating failure to attach a copy of proposed pleading can be a factor in deciding whether to grant a motion for leave to amend).

The motion to dismiss was filed on February 15, 2010, and the plaintiff has received three extensions in order to respond to it. This has given the plaintiff more than three months to respond, including more than two months after it retained counsel. Almost two additional months have passed since the plaintiff finally responded, and still no information by way of proposed amended complaint or otherwise has been provided.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#3]** filed on behalf of the defendant is Granted and the plaintiff's claims are dismissed with prejudice and that any other pending motion is denied as moot. A separate judgment will be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 9th day of August, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE